**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**RASHED T. MUTHANA**                                       **CIVIL ACTION**

**VERSUS**                                                  **NO. 21-1745**

**EAN HOLDINGS, LLC D/B/A**                                 **SECTION "B"(3)**
**ENTERPRISE RENT A CAR**

## ORDER AND REASONS

Before the Court are defendant EAN Holding d/b/a Enterprise Rent A Car's notice of removal (Rec. Doc. 1), plaintiff's motion to remand (Rec. Doc. 3), and defendant's memorandum in opposition to plaintiff's motion to remand (Rec. Doc. 7).

For the following reasons,

**IT IS ORDERED** that the motion to remand is **DENIED**.

## I.    FACTS AND PROCEDURAL HISTORY

On August 27, 2021, plaintiff Rashed T. Muthana rented an automobile from Enterprise Rent A Car located at 1019 Baronne Street, New Orleans, LA 70113. Rec. Doc. 7-6 at 1. Defendant EAN Holdings, LLC owns Enterprise Rent A Car as well as the automobile in question. Rec. Doc. 7 at 3. When the vehicle was not returned on time, an EAN Holdings, LLC representative contacted local law enforcement. Rec. Doc. 1 at 1. On or about November 21, 2019, plaintiff was arrested in Long Beach, Mississippi in accordance with a New Orleans Police Department arrest warrant. Rec. Doc. 1-3 at 2. Upon returning to Louisiana, plaintiff voluntarily surrendered himself to the New Orleans Sherriff's Office and was

1

then charged with the failure to return or surrender a leased vehicle under Louisiana Revised Statute Section 14:220.1. *Id.; see* La. Stat. Ann. § 14:220.1. Plaintiff alleges defendant did not follow the prerequisites to enforcing this statute, and thus, the charges against him were baseless. *Id.* According to plaintiff, defendant was required to first notice plaintiff via register or certified mail requesting that plaintiff return or surrender the vehicle. *Id.* Plaintiff asserts he never received this notice. *Id.* at 2-3.

As such, plaintiff filed suit in the Civil District Court for the Parish of Orleans on November 12, 2020 claiming that he suffered damages from defendant's negligence and from its failure to follow the provisions of Section 14:220.1. *Id.* at 3. Defendant removed the case to federal court on September 23, 2021. Rec. Doc. 1. Almost a month later, plaintiff filed this instant motion to remand. Rec. Doc. 3.

## II. LAW AND ANALYSIS

### A. Diversity Jurisdiction

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "To determine whether jurisdiction is present for removal, [courts]

2

consider the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id*. The removing party bears the burden of proving that federal jurisdiction exists, and therefore, that removal was proper. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

District courts have original jurisdiction over civil actions that are (1) between citizens of different states and (2) where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and cost. *See* 28 U.S.C. § 1332(a)(1). A corporation is a citizen of every state by which it has been incorporated and of the state where it has its principal place of business. *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) (quoting 28 U.S.C. § 1332(c)(1)). The Court determines an LLC's citizenship by analyzing the citizenship of all its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). An individual is a citizen of the state where domiciled. *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996).

B.  **Diversity Jurisdiction Exists Here**

Plaintiff asserts that Enterprise Rent A Car must be a separate Louisiana entity because it allegedly owns real property

3

and pays taxes in Orleans Parish. *Id.* at 2-4. In arguing as such, plaintiff misunderstands how courts determine diversity.

First, there is no evidence that Enterprise Rent A Car is a separate defendant in this matter. Since at least July 28, 2009, EAN Holdings, LLC has used "Enterprise Rent A Car" as a trade name and specifically registered the trade name with the Louisiana Secretary of State on that date. Rec. Doc. 7 at 3; Rec. Doc. 7-4. Further, in his state court petition, plaintiff sued the entity "EAN Holdings, LLC d/b/a Enterprise Rent A Car." Rec. Doc. 1-3 at 1. Moreover, in the rest of his petition he repeatedly names defendant as "EAN Holdings, LLC d/b/a Enterprise Rent A Car." *See generally id.* Plaintiff does list both EAN Holdings, LLC and Enterprise Rent A Car as defendants, but consistently designates the defendant as EAN Holdings, LLC *doing business as* Enterprise Rent A Car, not as two separate defendants. *Id.* This decision indicates that at the time of filing, plaintiff had some knowledge that EAN Holdings, LLC and Enterprise Rent A Car were not separate entities. As Enterprise is merely a trade name, and not a distinct entity, plaintiff may not name it as a separate defendant in this matter. *See La. Acorn Fair Hous. v. Quarter House*, 952 F. Supp. 352, 355 (E.D. La. 1997) (finding "a trade name is not a separate entity capable of being sued under Louisiana Law") (citing LA. CODE CIV. PROC. ANN. Art. 736 (2021)); *see also Guidry v. City of Houma*, 471 So. 2d 1056, 1058 (La. Ct. App. 1985). Thus, the Court does

4

not consider Enterprise a defendant in determining diversity jurisdiction.

Second, plaintiff's proof of Enterprise's alleged Louisiana citizenship is irrelevant to the court's analysis of diversity jurisdiction. An LLC's citizenship is determined through the citizenship of its members. *See Harvey*, 542 F.3d at 1080. Here, EAN Holdings, LLC's sole member is Enterprise Holdings, Inc., which is a Missouri corporation with its principal place of business in Missouri.[1] Rec. Doc. 7-1 at 1; Rec. Docs. 7-2, 7-3. Thus, EAN Holdings, LLC is a Missouri citizen. *See* 28 U.S.C. § 1332(c)(1)). The Court need not determine whether EAN Holdings, LLC, or as plaintiff suggests, whether "Enterprise Rent A Car," owns property or pays taxes in Louisiana. As EAN Holdings, LLC is a Missouri citizen, plaintiff is a Louisiana citizen, and the amount in controversy exceeds $75,000, this Court has subject matter jurisdiction pursuant to § 1332(a).

New Orleans, Louisiana this 15th day of December, 2021

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff even acknowledges that EAN Holdings, LLC is a foreign corporation in its state court petition. *See* Rec. Doc. 1-3 at 1.